

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ,                )  Case No. CV 12-0765-JPR
                               )
           Petitioner,         )
                               )  ORDER GRANTING A CERTIFICATE OF
     vs.                       )  APPEALABILITY
                               )
T. OCHOA, Warden,              )
                               )
           Respondent.         )
                               )

Effective December 1, 2009, Rule 11 of the Rules Governing § 2254 Cases in the U.S. District Courts was amended to read as follows:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of

1

appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (citation omitted).

Here, after considering Petitioner's contentions in support of the claims alleged in the Petition, the Court finds that Petitioner has made the requisite showing as to the following issue, raised in claim one of the Petition: (1) whether the trial court's ruling allowing the prosecution to present evidence and argument regarding Petitioner's silence in response to a police officer's questions violated Petitioner's due process rights, Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and Doyle v. Ohio, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976). The Court finds, however, that Petitioner

has not made the requisite showing as to the Petition's other two claims.

    THEREFORE, pursuant to 28 U.S.C. § 2253(c)(2) and Habeas Rule 11, a Certificate of Appealability is GRANTED with respect to the one issue set forth above.

DATED: May 29, 2012

_____
Jean Rosenbluth
U.S. Magistrate Judge